1  **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9   Aditya Kumar Sharma,                    )   No. CV 11-1984-PHX-FJM
                                            )
10            Plaintiff,                     )   **ORDER**
                                            )
11  vs.                                     )
                                            )
12                                          )
    United States Citizenship and Immigration)
13  Services et al,                         )
                                            )
14            Defendant.                     )
                                            )
15  _____  )

16

17          The parties have settled this case.  Our order of July 30, 2012 (doc. 29) asked the

18  parties to explain why the defendant cannot amend the certificate of naturalization without

19  court intervention.  We now have before us their Joint Supplemental Brief (doc. 30) which

20  does not answer the questions asked, but instead addresses subject matter jurisdiction. But

21  we have no doubt about subject matter jurisdiction.  It exists under 28 U.S.C. §1346(a)(2)

22  and 28 U.S.C. §1361.  We did not question subject matter jurisdiction.  We only questioned

23  the role of the court in correcting certificates of naturalization.

24          The defendant wants to change the certificate but believes it cannot do so unless

25  authorized by this court.  It does not tell us why it believes it is without authority to amend

26  a certificate where, as here, it is satisfied that the certificate contains the wrong date of birth.

27  We speculate that it is deterred by 8 C.F.R. §338.5(e).  If that is the case, it should amend or

28  repeal its regulation.

1   While 8 C.F.R §338.5(e) may be an obstacle to the defendant's authority to correct a

2   certificate, it, of course, is no obstacle to this court's authority to authorize correction, if that

3   authority otherwise exists.  Agency regulations exist to guide executive branch officials in

4   exercising authority vested in them by statute.

5   The defendant is satisfied by the evidence presented to it that plaintiff's date of birth

6   should be corrected.  It would be irrational and arbitrary not to correct it where, as here, the

7   parties are in agreement.  Plaintiff is "aggrieved by agency [in]action" under 5 U.S.C. §702,

8   and, because the defendant refuses to correct the certificate without a court order, "there is

9   no other adequate remedy" within the meaning of 5 U.S.C. §704.

10   Accordingly, it is ORDERED GRANTING the "Stipulated Motion to (i) Amend

11   Plaintiff's Certificate of Naturalization and (ii) Dismiss All Claims with Prejudice" (doc. 28).

12   It is further ORDERED that defendant is authorized to issue an amended Certificate

13   of Naturalization to Plaintiff correcting the date of birth from October 29, 1969 to October

14   29, 1972.  The amended Certificate shall be issued within 17 days from the filing of this

15   Order.  A copy shall be mailed to counsel for plaintiff.

16   It is further ORDERED DISMISSING this action with prejudice, each party to bear

17   its own attorneys fees and costs.

18   DATED this 19th day of September, 2012.

19

20   _Frederick J. Martone_
_____

21   Frederick J. Martone
United States District Judge

22

23

24

25

26

27

28